**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON**

| | |
|---|---|
| UNITED STATES OF AMERICA,               ) | |
| ) | |
| Plaintiff/Respondent,                          ) | Criminal Action No. |
| ) | 6:18-03-GFVT-MAS |
| v.                                                          ) | and |
| ) | Civil Action No. |
| WILLIE B. COMBS,                               ) | 6:20-145-GFVT-MAS |
| ) | |
| Defendant/Movant.                              ) | |
| ) | |

**REPORT & RECOMMENDATION**

This matter is before the undersigned on Petitioner Willie B. Combs' ("Combs") Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255. Combs alleges 2018 conviction is "void," his guilty plea involuntary, and that he received ineffective assistance of counsel, in light of the Supreme Court's 2019 decision in *Rehaif v. United States*, ⸺ U.S. ⸺, 139 S. Ct. 2191 (2019). The United States responded in opposition [DE 53]. After reviewing the record in its entirety, the Court recommends Combs's motion be denied for the reasons stated below.

### I.   RELEVANT FACTUAL BACKGROUND

On January 25, 2018, the grand jury returned an indictment charging Combs with being a felon in possession of a firearm. [DE 7]. The indictment centered around a domestic disturbance involving Combs and several other individuals. [DE 1-1 (Complaint Affidavit)]. Law enforcement was dispatched to a residence where the individuals present all stated Combs had possessed a firearm and threatened another person at the residence. [DE 1-1.]. At the time, Combs had previously been convicted of at least three felonies, listed in the Complaint Affidavit. [DE 1-1].

1

On May 29, 2018, Combs appeared before the Court and entered a guilty plea. [DE 23 (Plea Agreement); DE 24 (Rearraignment); DE 25 (Recommendation of Acceptance of Guilty Plea); DE 26 (Order Adopting Report and Recommendations)]. The Court conducted a Rule 11 plea colloquy with Combs. In accepting his plea agreement, Combs "waive[d] the statutory right to attack collaterally the guilty plea, conviction and sentence." [DE 23, at Page ID # 58].

Combs was sentenced to 108 months imprisonment. [DE 51 (Judgment)]. Combs appealed his sentence to the Sixth Circuit Court of Appeals, which affirmed the District Court's Judgment. Combs then timely filed the present Motion to Vacate, Set Aside, or Correct a Sentence. [DE 47].

## II.  ANALYSIS

In *Rehaif v. United States*, 139 S. Ct. 2191 (2019), decided on June 21, 2019, the Supreme Court held that a conviction under § 922(g) requires the defendant to know (1) he possessed a firearm and (2) that he was in a category of individuals prohibited from possessing a firearm. Combs argues that his indictment, plea agreement, and plea colloquy—all of which predated the *Rehaif* decision—were deficient because they did not sufficiently advise him of both § 922(g) elements.[1]

Although somewhat confusing at times, Combs asserts two categories of arguments under the *Rehaif* umbrella. First, Combs contends that he is eligible for relief under *Rehaif* directly because the government had to allege and prove he knew he belonged to a category of persons barred from possessing a firearm ("the *Rehaif* element" herein), which he claims it failed to do. Moreover, Combs argues that the Indictment, plea agreement, and plea colloquy failed to properly allege the elements of the crime charged as required in *Rehaif*. Consequently, he did not understand the elements of the crime and his guilty plea was involuntary. Second, Combs claims

---

[1] The third element of a 922(g) conviction is that the subject firearm moved in or affected interstate commerce. That element is not at issue in Combs' motion.

2

his trial counsel was ineffective for failing to advise him of the statutory elements of his § 922(g) charge, that counsel failed to object to the alleged deficiencies in the Indictment, and that trial counsel failed to investigate the facts underlying the charges against him. Combs argues his trial and appellate counsel were ineffective for failing to "preserve and raise a plain error arguement [*sic*] under F.R.C.P. 52 pursuant to the *Rehaif* elements." [DE 47 at Page ID # 223]. For the reasons stated below, Combs' claims of ineffective assistance of counsel fail to meet either prong of the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 685-87 (1984), and present no avenue for relief for Combs.

The Court will address each of Combs' arguments in turn.

**A.    DIRECT *REHAIF* ARGUMENTS**

As a threshold issue, and as the Court noted above, Combs waived his right to collaterally attack his conviction "except for claims of ineffective assistance of counsel" via his plea agreement. [DE 23, at Page ID # 58]. A defendant may waive any right in a plea agreement, even a constitutional right, if the waiver was made knowingly and voluntarily. *See, e.g., United States v. Griffin*, 854 F.3d 911, 914 (6th Cir. 2017). Combs' first three grounds for relief, based on *Rehaif*, raise no claims of deficient representation. He claims his plea was involuntary because he was unaware of the mens rea elements as set forth in the *Rehaif* decisions month after his sentencing. As set forth below, however, this claim is contrary to the record and utterly meritless.

To succeed on a § 2255 motion, petitioner "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). Combs' claims fail to meet this standard.

### 1. **Indictment**

Combs claims he was prejudiced and his guilty plea was not informed because the Indictment "failed to allege the Rehaif element" which he believes renders his conviction "void." [DE 47 at Page # 217]. The sole count in Combs' indictment, returned on January 25, 2018, reads:

> On or about May 22, 2017, in Perry County, in the Eastern District of Kentucky, WILLIE B. COMBS, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce a firearm[.]

[DE 7 at Page ID # 13]. He further claims his plea was not knowing and voluntary because the Court did not advise him of the *Rehaif* element when it took his guilty plea. [DE 47 at Page ID 215-16].

Although Combs does not make clear precisely how his conviction is "void" due to this defect in the indictment, the Sixth Circuit addressed and foreclosed a similar argument in *United States v. Hobbs*, 953 F.3d 853, 856 (6th Cir. 2020). Hobbs challenged his the § 922(g)(1) charge in his indictment on direct appeal, arguing that the failure to allege the *Rehaif* element deprived the district court of jurisdiction. The Sixth Circuit rejected this argument, noting that Hobbs' indictment, which pre-dated *Rehaif*, may have been defective on its face, but the Sixth Circuit, like its "sister circuits[,] have rejected the notion that an indictment's failure to allege the 'knowledge-of-status' element required by *Rehaif* deprives the court of jurisdiction." *United States v. Hobbs*, 953 F.3d 853, 856–57 (6th Cir. 2020). Further, "no contemporaneous evidence suggests that he would have rejected the plea deal had the indictment contained the knowledge-of-status element." *Id*. at 857–58.

### 2. **Plea Agreement and Rearraignment**

Post *Rehaif*, "[c]ourts considering § 2255 motions have declined to vacate a criminal defendant's sentence when he has pleaded guilty to the offense." *Malone v. United States*, No.

4

1:14CR438, 2019 WL 7049805, at *3 (N.D. Ohio Dec. 23, 2019); *see e.g.*, *Thompson v. United States*, 2019 WL 5727976, at * 4 (E.D. Mo. Nov. 5, 2019) ("Because movant pleaded guilty ... and his case never went to trial, the burden of proof for the government had the case gone to trial, is irrelevant"); *Brewster v. United States*, 2019 WL 5076404, at 7-8 (W.D.N.C. Oct. 9, 2019); *United States v. Anderson*, 2019 WL 3806104, at *2 (N.D. Ala. July 26, 2019)). While *Rehaif* dissects the requirements to sustain a *jury conviction* under § 922(g), "because Petitioner pleaded guilty […] this contention is moot." *Malone*, 2019 WL 7049805, at *3. Combs' guilty plea contained all the factual and legal elements required to sustain his judgment and sentence. *Id.* (citing *United States v. Broce*, 488 U.S. 563, 569 (1989)). During Combs' rearraignment, the following exchange occurred while Combs was under oath:

> THE COURT: [. . .] Now, Mr. Combs, do you understand that what Mr. Parman just described is what the government would have to prove at a trial beyond a reasonable doubt in order for you to be convicted of the offense of felon in possession of a firearm?
>
> THE DEFENDANT: I do, sir.
>
> THE COURT: So do you understand the nature of that charge?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you think the government could prove that charge against you, sir?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Why do you say that? Just tell me in your own words what you did.
>
> THE DEFENDANT: I did possess the firearm.
>
> THE COURT: Had you previously been convicted of a felony?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: What was that felony?
>
> THE DEFENDANT: In 2001, a controlled substance federal charge.

5

THE COURT: Okay.

THE DEFENDANT: Trafficking in controlled substance.

[Transcript of Guilty Plea Colloquy, DE 40 at Page ID # 189-90]. The Presentence Investigation Report [DE 34] reflects that Combs served more than two years in prison related to the predicate federal trafficking charge. Although the plea agreement did not set forth the *Rehaif* element as a separate element the United States would have to prove—and could prove—at trial, the plea colloquy is irrefutable evidence that Combs *knew he was a convicted felon*. Additionally, the plea colloquy excerpted above entirely undercuts Combs' claim that "nowhere did the Court charge or inform Combs of the each of the [sic] statutory elements that made his conduct criminal[.]" [DE 47 at Page ID # 217].

Thus, the Court finds that not only does Combs' plea agreement procedurally bar him from raising a *Rehaif* claim unrelated to an ineffective assistance of counsel, but that the claim itself is baseless in light of the plea colloquy.

B.   INEFFECTIVE ASSISTANCE CLAIMS

Combs' claims of ineffective assistance of counsel on the part of his trial counsel, Paul Croley ("Croley"), and appellate counsel, Nicole Lynn Rutter-Hirth ("Rutter-Hirth"), are likewise meritless. Combs essentially argues both Croley and Rutter-Hirth should have challenged his § 922(g) charge based on the government's failure to include the *Rehaif* element in the indictment and guilty plea.

To prevail on an ineffective assistance of counsel claim in a § 2255 motion, a petitioner must prove (1) that their counsel's performance was deficient, and (2) that petitioner suffered prejudice due to that deficiency. *Strickland v. Washington*, 466 U.S. 668, 685-87 (1984). Deficient performance is shown only through proving "counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-88. A showing of prejudice requires a "reasonable

6

probability that, but for counsel's errors, the judicial outcome would have been different." *Id*. at 694-95. A petitioner must satisfy both prongs of the test, but courts need "not address both components of the deficient performance and prejudice inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Strickland*, 466 U.S. at 697. Combs fails to make a sufficient showing under *Strickland* to prove either prong against his trial or appellate counsel.

Trial counsel had no basis for raising an objection to the indictment or plea agreement in 2018. "Before *Rehaif*, the government could obtain a felon-in-possession conviction without proving that the defendant knew he had previously been convicted of a felony." *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020). "The Sixth Amendment [right to counsel] does not require counsel for a criminal to be clairvoyant." *Cornell v. Jeffries*, 2006 WL 2583300, at *20 (S.D. Ohio Sept. 7, 2006); *see also United States v. Conley*, 290 F. Supp. 3d 647, 661 (E.D. Ky. 2017) (holding counsel was "not expected to be a fortune-teller" and denying ineffective assistance claim based on failure to predict development in law); *Robinson v. United States*, 636 F. Supp. 2d 605, 606 (E.D. Mich. 2009) (holding counsel's failure to anticipate change in law not error of constitutional magnitude). Trial counsel could not have raised an issue or preserved for appeal a "matter of statutory interpretation" that did not yet exist at the time Combs pleaded guilty. *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020). Further, if Croley had advised Combs of the "statutory elements of the § 922(g) offense" as they exist post-*Rehaif*, that advice would have been legally inaccurate in 2018.

Finally, Combs claims had Croley provided this (then-inaccurate) advice, he "may well have not pleaded guilty, but went to tril [*sic*] in order to hould [*sic*] the government to its burden

7

of proof." [DE 47 at Page ID # 222]. The Sixth Circuit rejected an identical argument in the

*Hobbs* case:

> The Supreme Court has cautioned that "[c]ourts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded," but "should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, ––– U.S. ––––, 137 S. Ct. 1958, 1967, 198 L.Ed.2d 476 (2017).
>
> . . .
>
> "Put[ting] the Government to its burden of proof," Appellant Reply Br. at 8, would have cost Hobbs the potential benefit of his plea without gaining him anything. It would have been exceedingly easy for the government to prove at trial that Hobbs knew he was a felon when he committed the firearms offense. Hobbs had previously been convicted of aggravated robbery in Ohio and had *served* six years in prison for that offense. No reasonable juror could have believed that he did not know he had "been convicted . . . of[ ] a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). The Supreme Court has cautioned that "a defendant facing such long odds will rarely be able to show prejudice from accepting a guilty plea that offers him a better resolution than would be likely after trial. . . . Where a defendant has no plausible chance of an acquittal at trial, it is highly likely that he will accept a plea if the Government offers one." *Lee*, 137 S. Ct. at 1966.

*United States v. Hobbs*, 953 F.3d 853, 857–58 (6th Cir. 2020). Likewise, had Combs gone to trial, no reasonable juror would have believed that Combs did not know he had been "been convicted . . . of[ ] a crime punishable by imprisonment for a term exceeding one year" when he served more than two years in prison for a federal trafficking offense in this district. 18 U.S.C. § 922(g)(1). The Presentence Investigation Report indicates Combs was also convicted of state felonies in 2001, 2008, and 2010.[2] [DE 34]. It appears the United States would have had no trouble proving the

---

[2] The Presentence Investigation Report states Combs was sentenced to terms of imprisonment of 60 months, two years, and two years respectively, on these state convictions.

*Rehaif* element at trial; thus, it is unlikely Combs' decision to plead guilty was impacted by the standard of proof the government would have been held to even post-*Rehaif*.[34]

Combs' appellate counsel submitted a sworn affidavit [DE 53-1] in which she noted that the appellate briefing was completed when *Rehaif* was decided, and furthermore, that she did not believe *Rehaif* applied to Combs' case because—as quoted above—he explicitly stated during the plea colloquy that he knew he had been convicted of a felony. [DE 53-1 at ¶¶ 3-5]. As appellate counsel also noted, Combs was procedurally barred from raising an appellate claim pursuant to *Rehaif*, because Combs' plea agreement limited his direct appeal to the sentence imposed.

Combs has failed to show that his trial or appellate counsel made any errors, nor that any action or omission by either counsel impacted the outcome of his case. Thus, he has failed to prove both *Strickland* prongs. Combs' ineffective assistance of counsel arguments are based on unfounded allegations related to a case that was not decided until after the briefing on his direct appeal was complete. His arguments are refuted by the clear facts and transcripts in the record.

---

[3] Combs does not argue he absolutely would have gone to trial if he had been advised of the *Rehaif* element (had it existed at the time). He states he "may well have," signaling uncertain equivocation even from Combs.

[4] Buried in his § 2255 petition, Combs vaguely argues that Croley "failed to properly investigate the actual offense as charged in connection with the 922(g)(1) federal offense" because "[h]ad counsel properly investigated he would have found that no shell caseing [*sic*] or gunpowder residue was found as evidence of an initial state offense of a shooting at a perso, [sic] that would have supported a federal 922(g)(1) offense." [DE 47 at Page ID # 222]. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome." *United States v. Hassan*, Nos. 12-cr-20523, 2014 WL 5361942, at *5 (E.D. Mich. Oct. 21, 2014) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). The Court cannot discern exactly what an investigation into shall casings or gunpowder at the scene (or the lack thereof) would have revealed pertinent to Combs' felon in possession charge. Section § 922(g)(1) requires knowing possession, not use of or discharging the firearm. Whether Combs fired the firearm is immaterial, so long as he possessed it—which he admitted to doing. In addition, § 922(g)(1) does not require that incident that lead to Combs' federal indictment result in any state charges.

9

Counsel cannot provide deficient performance by failing to raise wholly meritless claims. *United States v. Martin*, 45 F. App'x. 378, 381 (6th Cir. 2002).

### III.     CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") shall issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473,484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Combs' § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is **RECOMMENDED** that a certificate of appealability be **DENIED** upon the District Court's entry of its final order in this matter.

### IV.     CONCLUSION

For the reasons stated herein, the Court **RECOMMENDS** the District Court deny Combs' Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. Despite

Combs' arguments that he was not aware of the *Rehaif* element of his § 922(g)(1) charge, Combs was entirely aware that he was a convicted felon, and admitted the same under oath. Further, Combs waived his right to raise such an argument on direct appeal and collateral attack. Specifically, that:

1) the District Court **DENY**, with prejudice, Combs' § 2255 motion [*See* DE 47]; and

2) the District Court **DENY** a certificate of appealability as to all issues, should movant request a COA.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b) (1), Fed. R. Civ. P. 72(b), Fed. R. Crim. P. 59(b), and local rule, within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.

Entered this the 22nd day of February, 2021.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge

11