UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:18-cr-00003-GFVT-MAS |
| | ) | Related Civil No. 6:20-cv-00145-GFVT-MAS |
| v. | ) | |
| | ) | |
| WILLIE B. COMBS, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendant. | ) | **ORDER** |
| | ) | |

    This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Matthew A. Stinnett. [R. 54.] The Defendant, Willie Combs, has filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [R. 47.] Consistent with local practice, Judge Stinnett reviewed the motion and recommends that the Court deny Mr. Combs's § 2255 motion in its entirety.

    Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else he waives his rights to appeal. In order to receive de novo review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Mr. Combs filed objections to Judge Stinnett's Recommended Disposition on March 8, 2021. [R. 55.] The Court acknowledges its duty to review Mr. Combs's filings under a more lenient standard than the one applied to attorneys because Mr. Combs is proceeding *pro se*. *See Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). Mr. Combs begins his objections by stating that he "objects to any and all reasonings by the Magistrate that he is not intitled [*sic*] to § 2255 relief […]." [R. 55 at 2.] This objection, given its overly broad and general nature, is not specific enough to merit *de novo* review of any portion of Mr. Combs's motion. *See Howard*, 932 F.2d at 509. However, some of Mr. Combs's subsequent objections are sufficiently definite to trigger the Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(C). The Court has satisfied its duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Mr. Combs's objections will be **OVERRULED**.

I

Judge Stinnett's Recommended Disposition accurately sets forth the factual and procedural background of this case. The Court mentions only key facts to frame its discussion and analysis and incorporates Judge Stinnett's discussion of the record into this Order.

On January 25, 2018, Mr. Combs, previously convicted of at least three felonies, was indicted for being a felon in possession of a firearm in violation of Section 922(g). [R 1-1; R. 7.] On May 29, 2018, Mr. Combs appeared before this Court and entered a guilty plea. [R. 23.] During his rearraignment, the Court engaged in a Rule 11 plea colloquy with Mr. Combs to ensure he was aware of the crime to which he was pleading guilty. [R. 25.] In accepting his plea agreement, Mr. Combs "waive[d] the statutory right to attack collaterally the guilty plea conviction and sentence." [R. 23 at 58.] On November 28, 2018, Mr. Combs was sentenced to

108 months of imprisonment, to be followed by three years of supervised release. [R. 31.] Mr. Combs subsequently appealed his conviction; this Court's judgment was affirmed on October 23, 2019. [R. 46.]

## II

In his motion to vacate under § 2255, filed on July 17, 2020, Mr. Combs asserts two categories of arguments, each related to *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court "held that a conviction under § 922(g) requires the defendant to know (1) he possessed a firearm and (2) that he was in a category of individuals prohibited from possessing a firearm." [R. 54 at 2.] Prior to *Rehaif*, the Government was not required to prove knowledge in 922(g) cases; as a result, knowledge was not at issue in the prosecution of Mr. Combs. *See id.* Now, Mr. Combs argues that his indictment, plea agreement, and plea colloquy were deficient because they did not sufficiently advise him of the knowledge element of 922(g). [R. 47 at 5.] Additionally, Mr. Combs argues that he received ineffective assistance of counsel because his counsel failed to advise him of the knowledge element of 922(g), failed to object to the alleged deficiencies of the indictment, and failed to investigate the underlying charges against him. [R. 54 at 3.] On February 22, 2021, Judge Stinnett issued a Recommended Disposition in which he thoughtfully considered both of Mr. Combs's claims and determined that Mr. Combs is not entitled to relief. [R. 54.]

In his Recommended Disposition, Judge Stinnett first analyzed Mr. Combs's argument that his conviction was unconstitutional because neither his indictment, plea agreement, nor plea colloquy sufficiently advised him of the knowledge element of Section 922(g). [R. 54 at 3-6.] First, Judge Stinnett pointed out that, aside from ineffective assistance of counsel claims, Mr. Combs waived his right to collaterally attack his conviction by signing his plea agreement.

[R. 54 at 3; R. 23 at 3.]  Next, Judge Stinnett analyzed each relevant document and determined that Mr. Combs is entitled to no relief.  Regarding the indictment, Judge Stinnett found that "the Sixth Circuit, like its 'sister circuits[,] have rejected the notion that an indictment's failure to allege the knowledge-of-status element required by *Rehaif* deprives the court of jurisdiction." [R. 54 at 4 (quoting *United States v. Hobbs*, 953 F.3d 853, 856-57 (6th Cir. 2020).] Additionally, Judge Stinnett found that no evidence suggested that Mr. Combs would have rejected his plea deal had the indictment contained the element.  [R. 54 at 4.]  Regarding the plea agreement and plea colloquy, Judge Stinnett found that "[a]lthough the plea agreement did not set forth the *Rehaif* element as a separate element the United States would have to prove—and could prove—at trial, the plea colloquy is irrefutable evidence that Combs *knew he was a convicted felon*."  *Id.* at 6.

Next, Judge Stinnett analyzed Mr. Combs's claims of ineffective assistance of counsel against both his trial counsel, Paul Croley, and appellate counsel, Nicole Lynn Rutter-Hirth.  [R. 54 at 6-10.]  In his motion, Mr. Combs alleges "that both Corley and Rutter-Hirth should have challenged his § 922(g) charge based on the government's failure to include the *Rehaif* element in the indictment and guilty plea." [R. 54 at 6; R. 47 at 9.]  In his analysis, Judge Stinnett laid out the *Strickland* elements required to prevail on an ineffective assistance of counsel claim under § 2255[1] and then analyzed whether either counselor had ineffectively assisted Mr. Combs during their representation.  [R. 54 at 7-10.]

Regarding trial counsel, Judge Stinnett found that "[t]rial counsel had no basis for raising an objection to the indictment or plea agreement in 2018," prior to *Rehaif* being published,

---

[1] To succeed on an ineffective assistance of counsel claim, a defendant must (1) "show that counsel's performance was deficient," and (2) "show that the deficient performance prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

4

because "[t]he Sixth Amendment [right to counsel] does not require counsel for a criminal to be clairvoyant." [R. 54 at 7 (quoting *Cornell v. Jeffries*, 2006 WL 2583300 at *20 (S.D. Ohio Sep. 7, 2006).] Moreover, although Mr. Combs states that he might have went to trial instead of pleading guilty had his trial counsel informed him of the not yet in existence *Rehaif* holding, Judge Stinnett found this argument unpersuasive because the Supreme Court has indicated that "[c]ourts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded." [R. 54 at 8 (quoting *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017).]

Regarding Mr. Combs's appellate counsel, Judge Stinnett found that, because counsel's affidavit indicated that she did not believe *Rehaif* applicable to Mr. Combs's case because "he explicitly stated during the plea colloquy that he knew he had been convicted of a felony," and because his "plea agreement limited his direct appeal to the sentence imposed," that Mr. Comb's claims against her were meritless. [R. 54 at 9.] Finally, Judge Stinnett recommended the Court deny Mr. Combs a certificate of appealability because "reasonable jurists would not debate the denial of Combs's § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further." *Id.* at 10 (citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). We now turn to Mr. Combs's specific objections to the Report and Recommendation, which he filed on March 8, 2021. [R. 55.]

**A**

Mr. Combs's first specific objection to the Recommended Disposition is that Judge Stinnett improperly decided that the *Rehaif* decision does not grant him relief. Specifically, Mr. Combs argues that, because he was not informed of the *Rehaif* Section 922(g) knowledge requirement, his guilty plea was unconstitutional. [R. 55 at 3-7.] Additionally, Mr. Combs

5

argues for the first time that the District Court also failed to determine whether he was aware of the third element of 922(g): "that the subject firearm moved in or affected interstate commerce." [R. 55 at 4.] Though this Court agrees with Judge Stinnett's analysis that *Rehaif* has no substantive impact in this case, it need not analyze the impact of *Rehaif* nor Mr. Combs's new argument regarding the third element of 922(g) within its *de novo* review because Mr. Combs's plea agreement procedurally bars him from collaterally attacking the sufficiency of his guilty plea. Mr. Combs's signed plea agreement states that following:

> 8. With the exception of claims of ineffective assistance of counsel, the Defendant waives the statutory right to collaterally attack the guilty plea, conviction, and sentence – including any order of restitution. The Defendant also waives the statutory right to appeal the guilty plea and conviction, but reserves the right to appeal the sentence.

When a Defendant waives his right to collaterally attack his guilty plea, he agrees to procedurally bar himself from doing so. *See United States v. Koerner*, 220 U.S. App. LEXIS 4858 at *6 (6th Cir. 2020) ("But Koerner waived any claim that the indictment was defective when he entered his guilty plea. That is because an unconditional guilty plea constitutes a waiver of all pre-plea, non-jurisdictional claims of constitutional deprivations. […] [S]o Koerner's guilty plea waived any possible *Rehaif* claim.") (citations omitted). Thus, because Mr. Combs waived his right to attack his guilty plea, he cannot now make pre-plea claims of constitutional deprivations because he is procedurally barred from doing so. Accordingly, Mr. Combs's objections against the validity of his indictment, plea agreement, plea colloquy, and guilty plea are **OVERRULED**.

### B

Next, Mr. Combs objects to Judge Stinnett's conclusion that his ineffective assistance of counsel claims are meritless. [R. 55 at 7-9.] First, Mr. Combs argues "[i]t could be possible that" the Court, his counsel, and the Government were aware that the *Rehaif* decision was

6

forthcoming but allowed him to plead guilty and "unknowingly stipulate to certain facts" regardless. *Id.* at 8. Mr. Combs further argues that he has a right to trial and that, because neither his trial nor appellate counsel informed him of every Section 922(g) element[2], he was given ineffective assistance of counsel. *Id.* at 8-9. Finally, Mr. Combs states that he "would in fact have went to trial had he had effective assistence [*sic*] of counsel" and that, although his counsel "did not have to be clairvoyant," it should have still informed him of each element of Section 922(g). [R. 55 at 9.]

      The Court is unpersuaded by Mr. Combs's arguments. First, when Mr. Combs pled guilty in 2018, *Rehaif* had not yet been decided. "Before *Rehaif*, the government could obtain a felon-in-possession conviction without proving that the defendant knew he had previously been convicted of a felony." *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020). Although Mr. Combs argues this his trial counsel need not have been clairvoyant, he still states that his counsel should have predicted the outcome of *Rehaif*. Alternatively, Mr. Combs argues that the outcome of *Rehaif* was possibly known by each involved party prior to its publication. [R. 55 at 8-9.] Nonetheless, the Sixth Circuit has indicated that this line of reasoning is meritless because counsel is not required to predict updates or changes in the law. *See Khamisi-El*, 800 F. App'x at 349 (because "[t]he rule stated in *Rehaif* is a matter of statutory interpretation" and did not exist when the defendant was convicted, no relief could be granted.); *see also United States v. Conley*, 290 F. Supp. 3d 647, 661 (E.D. Ky. 2017) (holding counsel was "not expected to be a fortune-teller" and denying ineffective assistance claim based on failure to predict development in law).

---

[2] In his objections, Mr. Combs, for the first time, argues that he was also improperly informed of the interstate commerce element of Section 922(g). [R. 55 at 9.]

Next, Mr. Combs's claims that he was not informed of the interstate commerce element of 922(g) does not warrant *de novo* review because it was not properly raised before the Magistrate Judge but, instead, was raised for the first time in his objections to the Report and Recommendation. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (finding a claim raised in a supplemental objection to a magistrate judge's Report and Recommendation waived from *de novo* review because the magistrate never had an opportunity to consider the issue). Finally, Mr. Combs's argument that he would have gone to trial instead of pleading guilty had he been made aware of the *Rehaif* knowledge element fails because no evidence indicates that Mr. Combs was hesitant to plead guilty or that Mr. Combs lacked knowledge of his status as a felon prior to his plea. *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017) (holding that "[c]ourts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded," but "should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences."). Accordingly, Mr. Combs's objections to Judge Stinnett's findings regarding his ineffective assistance of counsel claims are **OVERRULED**.

## C

Finally, Mr. Combs objects to Judge Stinnett's conclusion that a certificate of appealability should not be granted in this matter. [R. 54 at 10; R. 55 at 9-10.] A certificate of appealability may issue where the movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). It is the reviewing court's role to indicate what specific issues satisfy the "substantial showing" requirement. 28 U.S.C. §2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005).

In his objection, Mr. Combs argues that he "has stated valid claims of the denial of his constitutional rights" because he pled guilty without being informed of each element of a Section 922(g) charge. [R. 55 at 9.] Mr. Combs also argues that "[n]ot all Circuits have agreed with the Sixth Circuit" regarding the impact of *Rehaif* on a defendant's guilty plea. *Id.* (citing *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020) (vacating a defendant's guilty plea due because the defendant was not informed of the *Rehaif* knowledge element prior to his plea); *see also United States v. Lockhart*, 947 F.3d 187 (4th Cir. 2020). Although there is a circuit split regarding the impact of *Rehaif* on retroactive guilty pleas, the Sixth Circuit has indicated that the *Rehaif* holding "is a matter of statutory interpretation" and did not create a "new rule of constitutional law." *Khamisi-El v. United States*, 800 Fed. Appx. 344, 349 (6th Cir. 2020). Accordingly, because Mr. Combs has not made a "substantial showing of the denial of a constitutional right" in any of his objections, his objection is **OVERRULED**.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Judge Stinnett's Recommended Disposition [R. 54] is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Combs's Motion to Vacate his Sentence under § 2255 [R. 47] is **DENIED WITH PREJUDICE**;

3. A Certificate of Appealability is **DENIED** as to all issues.

This the 29th day of March, 2021.

9

Gregory F. Van Tatenhove
United States District Judge